IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of<br><br>JOSHUA DAVID WYATT<br>AMANDA LYNN WYATT,<br><br>          Debtors, | Case No. 21-30976<br>Chapter 7 |
| JACQUELINE SELLS HOMANN,<br>TRUSTEE,<br><br>          Plaintiff,<br><br>          v.<br><br>ONE ADVANTAGE, LLC<br>Highest Ranking Officer<br>7650 Magna Drive<br>Belleville, IL 62223<br><br>          Defendant. | Adver. Proc. No. |

COMPLAINT TO AVOID AND RECOVER A PREFERENCE PAYMENT

Trustee, Jacqueline Sells Homann, by counsel, for her complaint against One Advantage, LLC to recover an avoidable transfer, states as follows:

A. JURISDICTION / VENUE

1. The court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§157(b) and 1334.

2. This action is a core proceeding pursuant to 28 U.S.C. §157(b).

3. Venue is proper pursuant to 28 U.S.C. §1409 in that this is a proceeding arising in and relating to the above-entitled case pending before this court.

4. This adversary proceeding is brought pursuant to 11 U.S.C. §§547 and 550 and Federal Rule of Bankruptcy Procedure 7001.

B. THE PARTIES

5. The Plaintiff, Jacqueline Sells Homann was appointed to serve as Trustee.

6. The defendant is a creditor of the debtor and does business in Indiana.

C. CAUSE OF ACTION

7. The allegations contained in paragraphs 1 through 6 above are incorporated by reference as if fully set forth herein.

8. On or within 90 days before the petition date, the debtor made a transfer to the defendant in the amount of $1,012.56 (the "Preferential Transfer") on account of an antecedent debt owed by the debtor before the payment was made.

9. The Preferential Transfer was a transfer of property of the debtor which the debtor made to or for the defendant and for or on account of an antecedent debt owed by the debtor before the Preferential Transfer was made.

10. The Preferential Transfer was made while the debtor was insolvent.

11. The Preferential Transfer enabled the defendant to receive more than the defendant would have received if: (a) the Preferential Transfer had not been made and (b) the defendant received payment on its debt to the extent provided by the provisions of the Code.

12. The Preferential Transfer constituted a preference pursuant to §547(b) of the Bankruptcy Code and are avoidable by the Trustee pursuant to 11 U.S.C. §547.

13. The Trustee may uncover additional preferential transfers to the defendant through discovery and reserves its right right to add any such additional preferential transfers to the allegations contained in the complaint.

14. When the transfer is avoided, the Trustee is entitled to recover for the benefit of the bankruptcy estate the value of the property transferred pursuant to U.S.C. §550.

WHEREFORE, Trustee, Jacqueline Sells Homann, respectfully requests that the court enter an order:

1. avoiding the preferential transfer pursuant to §547 of the Bankruptcy Code;

2. granting judgment in favor of the Trustee and against the defendant, One Advantage, LLC, in the amount of the Preferential Transfer of $1,012.56, plus interest, pursuant to the Bankruptcy Code, for the costs of this action, and any and all additional amounts which may be discovered pursuant to §550 of the Bankruptcy Code; and

3. granting such other and further relief as is just and proper in the premises.

Dated: June 28, 2022
/s/ Jacqueline Sells Homann
Jacqueline Sells Homann
Jones Obenchain, LLP
130 S. Main Street
Suite 400
Post Office Box 4577
South Bend, Indiana 46634-4577
Telephone: (574) 233-1194
Facsimile: (574) 233-8957
Email: jshtrustee@jonesobenchain.com