# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of:<br><br>Joshua David Wyatt<br>Amanda Lynn Wyatt<br>    *Debtor(s)* | Case No.: 21-30976-pes<br>Chapter 7 |
| Jacqueline Sells Homann, Trustee<br>    *Plaintiff*<br><br>vs.<br><br>One Advantage, LLC<br>    *Defendant* | Adv. Proc. No.: 22-03017-pes |

**Order Setting Federal Rule of Civil Procedure Rule 41(b) Hearing**

The Court, on its own initiative, sets a Fed. R. Civ. P. 41(b) hearing to determine if this case should be dismissed for failure to prosecute.

Federal Rules of Bankruptcy Procedure 7041 explains Federal Rules of Civil Procedure Rule 41 applies to adversary proceedings. The United States Supreme Court has explained courts can dismiss an action, *sua sponte*, "acting on their own initiative," to "clear their calendars of cases that have remained dormant." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Under local rules, when "no action has been taken for a period of sixty (60) days" in a contested matter or adversary proceeding, the court may dismiss the action. N.D. Ind. L.B.R. B-7041-1.

Here, more than 60 days have lapsed, and no action has been taken. Accordingly, the Court sets a hearing for **April 11, 2023** at **9:30 a.m.** Plaintiff is to show cause why this case should not be dismissed for failure to prosecute.

SO ORDERED.

Dated: _____          <u>*/s/ Paul E. Singleton*</u>_____
                                                   Judge, United States Bankruptcy Court    JS 4