# In the United States Bankruptcy Court
## for the Northern District of Indiana
## South Bend Division

| | |
|---|---|
| In the Matter of | Case No. 21-30976<br>Chapter 7 |
| Joshua David Wyatt<br>Amanda Lynn Wyatt, | |
| Debtors, | |
| Jacqueline Sells Homann, Trustee | |
| Plaintiff, | |
| v. | Adver. Proc. No. 22-03017 |
| One Advantage, LLC, | |
| Defendant. | |

## Brief in Support of Motion for Default Judgment

### Issue

Is the trustee entitled to recover a payment to One Advantage in payment of a judgment in the 90 days before the debtor filed his bankruptcy petition?

### Facts[1]

1. The debtors filed their petition on July 15, 2021.

2. Plaintiff Jacqueline Sells Homann was appointed as the Chapter 7 Bankruptcy Trustee at the first Meeting of Creditors.

3. The defendant is a creditor of the debtors and does business in Indiana.

4. One Advantage obtained a judgment against Amanda Wyatt on October 29, 2020 of $5,428.51; she entered into a voluntary payment plan.

---

[1] These facts are set forth in Trustee Homann's affidavit filed in support of this motion for default judgment.

5. Within 90 days before the petition date, she transferred to One Advantage the amount of $1,012.56 on account of an antecedent debt, the judgment, owed by the debtor before the payment was made.

6. The preferential transfer was made while Amanda was insolvent. 11 U.S.C. § 547(f).

7. There is over $60,000 of unsecured claims filed in the bankruptcy case. The trustee anticipates collecting approximately $2,000.

8. One Advantage was paid approximately 18% of its debt, while the trustee anticipates a payment of only 3% to creditors of the estate.

9. The clerk entered default on August 29, 2022 against One Advantage for failure to appear or plead or otherwise defend itself in this case.[2]

## ARGUMENT

### THE TRUSTEE CAN AVOID THE PREFERENTIAL PAYMENT PURSUANT TO §§ 547 AND 550.

Pursuant to preferential-transfer provisions of 11 USCS § 547(b), a Chapter 7 trustee has power to "avoid" (i.e., recover) certain payments made by debtor that would enable a creditor to receive payment of a greater percentage of creditor's claim against debtor than creditor would have received if transfer had not been made and creditor had participated in distribution of assets of bankrupty estate.[3]

This section of the Bankruptcy Code is one way the law seeks to equalize positions of similarly situated creditors is by giving trustees power to set aside preferential transfers of debtor's property; thus, the trustee may ordinarily avoid transfer of debtor's interest in property made to creditor on account of antecedent debt if that transfer occurred within 90 days of date of filing of debtor's bankruptcy petition. For example, transfer may be avoided under 11 USCS § 547(b) if it involves

---

[2] [Doc. No. 8].
[3] *Begier v. IRS*, 496 U.S. 53, 110 S. Ct. 2258, 110 L. Ed. 2d 46 (1990).

property of debtor and transfer reduces amount of bankruptcy estate available for payment of other creditors.[4]

11 USCS § 547 allows a bankruptcy trustee, in certain circumstances, to avoid preferential transfers of interest of debtor if transfer was made within 90 days before date of filing of bankruptcy petition.[5] When, within ninety days before declaring bankruptcy, debtor makes payment to unsecured creditor, payment is considered "preference" under 11 USCS § 547; subject to certain exceptions in statute, trustee in bankruptcy can recover such payment and thus force creditor to take its chances with rest of debtor's unsecured creditors.[6]

Preferential transfer occurs when creditor receives payment of larger percentage of its claim than it would otherwise have received had it participated in bankruptcy distribution with rest of Chapter 7 debtors' creditors; if preferential payment has taken place, law regards transaction as nullity, requiring that it be returned to debtors' estate.[7]

Within ninety days of filing her petition, Debtor Wyatt paid $1,012.56 to Defendant One Advantage in payment for a judgment. This transfer was for the benefit of One Advantage and permitted One Advantage to receive more than it would have under the distribution requirement of the Code as the debtor has claims of over $60,000 and just several thousand dollars of assets collected by the trustee. And debtors are presumed to have been insolvent on and during the ninety days immediately preceding the date of filing the bankruptcy petition,[8] Wyatt was insolvent when he made the payments to One Advantage.

This transfer enabled One Advantage to receive more than it would have received if: (a) the transfer had not been made and (b) it received payment on the debt to the extent provided by the provisions of the Bankruptcy Code. The Preferential Transfer constituted a preference pursuant to

---

[4] *Mitsui Mfrs. Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.)* 13 F.3D 321 (9th Cir. 1994).
[5] *Grella v. Salem Five Cent Sav. Bank*, 42 F.3D 26 (1st Cir. 1994).
[6] In re Midway Airlines, 69 F.3D 792 (7th Cir. 1995).
[7] *In re Cockreham*, 84 B.R. 757, 1988 U.S. Dist. LEXIS 2789 (D. Wyo. 1988).
[8] 11 U.S.C.S. § 547(f).

§ 547(b) of the Bankruptcy Code and is avoidable by the Trustee pursuant to §550 of the Bankruptcy Code.

*Therefore*, Plaintiff Trustee Jacqueline Sells Homann prays that the Court avoid the Preferential Transfer in the amount of $1,012.56, plus post-judgment interest, pursuant to the Bankruptcy Code, for the costs of this action, and for all other just and proper relief.

Respectfully submitted,

Date: April 6, 2023

/s/ Jacqueline Sells Homann
Jacqueline Sells Homann
**Athora Law Group, llc**
1251 North Eddy Street
Suite 203
South Bend, IN 46617
574.575.4147
jackie@athoralaw.com

## CERTIFICATE OF SERVICE

I certify that on April 6, 2023, a true and correct copy of the above and foregoing Motion for Default Judgment was served as follows:

Loraine P. Troyer
ltroyer@msn.com

United States Trustee
ustpregion10.so.ecf@usdoj.gov

One Advantage, LLC
Highest Ranking Officer
7650 Magna Dr.
Belleville, IL 62223

Joshua & Amanda Wyatt
43 Roxbury Park
Goshen, IN 46526

/s/ Jacqueline Sells Homann
Jacqueline Sells Homann